UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60335-CIV-COHN/SELTZER

LIZZETTE DAWES-ORDONEZ,

        Plaintiff,

vs.

MARY FORMAN; KAREN FORMAN;
WHIDDON AND COMPANY, INC., d/b/a
PRUDENTIAL FLORIDA 1ST REALTY; AND
FLORIDA ASSOCIATION OF REALTORS,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s Affirmative Defenses [DE 39] ("Motion to Strike").  The Court has carefully reviewed the Motion to Strike, Defendant, Realtor Association of Greater Fort Lauderdale, Inc.'s Response and Memorandum of Law in Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 42] ("Response"), Plaintiff's Reply to Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 46] ("Reply"), heard oral argument of counsel, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Lizzette Dawes-Ordonez ("Plaintiff") is a professional photographer who took photographs of real estate located at 18 Ft. Royal Isle, Fort Lauderdale, Florida ("the Photographs").  Defendant Realtor Association of Greater Fort Lauderdale, Inc.

("RAGFL") obtained the Photographs from Defendants Mary and Karen Forman. Thereafter, RAGFL published the Photographs on its website. Plaintiff alleges that RAGFL wrongfully advertised that all photographs contained on its website were freely available to be used "in knowing violation of copyright law and the rights of Plaintiff." DE 34 ¶ 8.

As a result, Plaintiff commenced a copyright action against several defendants, including RAGFL. On June 4, 2009, RAGFL filed its answer and affirmative defenses [DE 37] asserting the following ten affirmative defenses: 1) estoppel, 2) waiver, 3) plaintiff provided a license to RAGFL to use the photos, 4) unclean hands, 5) plaintiff allowed publication of the photos without placing a notice of copyright on the photos and therefore "should forfeit her alleged copyright protection," 6) RAGFL had no knowledge the photographs were copyrighted, 7) any alleged infringement "would be innocent and unintentional," 8) any alleged infringement is de-minimis, 9) apportionment of fault, and 10) set-off. See DE 37. Plaintiff now moves to strike all ten of RAGFL's affirmative defenses.

## II. DISCUSSION

### A. Legal Standard

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v.

Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc., 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008).  An affirmative defense will be stricken only if it is insufficient as a matter of law.  See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  Id.

Affirmative defenses are also subject to the general pleading requirements of Rule 8, Federal Rules of Civil Procedure.  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007).

### B. Unclean Hands

RAGFL, in its Fourth Affirmative Defense, asserts the defense of unclean hands. To prevail on the defense of unclean hands, a defendant must demonstrate that (1) the plaintiff's alleged wrongdoing is directly related to the claim against which it is asserted; and (2) the defendants were personally injured by the plaintiff's conduct.  Calloway v. Partners Nat'l Health Plans, 986 F. 2d 446, 450-51 (11th Cir. 1993).

RAGFL alleges in its Fourth Affirmative Defense that "Plaintiff had notice that the photographs were being supplied to a realtor member for placement on the RAGFL MLS, which allows for the automatic use and reproduction by MLS participants and

subscribers" and that "Plaintiff specifically removed her watermarks and all notices of copyright from the photograph published on the MLS."  The Court does not find the defense of unclean hands to be insufficient as a matter of law.  The Court, therefore, denies RAGFL's motion to strike the Fourth Affirmative Defense.

### C. Apportionment & Set-off

In its Ninth Affirmative Defense, RAGFL "asserts that all damages should be apportioned based upon the fault of any and all persons or entities who may be liable for Plaintiff's damages."  In its Tenth Affirmative Defense, RAGFL asserts that it is "entitled to a set-off against any outstanding and all collateral sources received by the Plaintiff in this case."  Plaintiff's Motion to Strike address both defenses simultaneously, arguing that "apportionment of fault is inappropriate in copyright, as are Fabre, and collateral source because copyright provides for strict liability."  Plaintiff cites no authority to support her argument.

The Court finds that apportionment of damages is appropriate in a copyright action.  Indeed, "[a]n infringer is entitled to an apportionment when 'the evidence is sufficient to provide a fair basis of division so as to give the copyright proprietor all the profits that can be deemed to have resulted from the use of what belonged to him.'" Roulo v. Russ Berrie & Co., Inc., 886 F.2d 931, 941 (7th Cir. 1989) (quoting Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 402 (1940)); see also Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1349-50 (5th Cir. 1994) (remanding case to district court to apportion copyright damages between defendants).  Likewise, set-off is appropriate in a copyright action.  See BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517

4

F.3d 1271 (11th Cir. 2008) ("holding that the [one-satisfaction] rule does indeed apply to infringement actions under the Copyright Act").  The Court, therefore, denies RAGFL's motion to strike the Ninth and Tenth Affirmative Defenses.

### D. Remaining Affirmative Defenses

At the hearing, Defendant Realtor Association of Greater Fort Lauderdale, Inc. agreed to the Court striking without prejudice the first, second, third, fifth, sixth, seventh, and eighth affirmative defenses.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s Affirmative Defenses [DE 39] is **GRANTED IN PART AND DENIED IN PART**.

2. As to Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s fourth, ninth, and tenth affirmative defenses, Plaintiff's Motion to Strike is **DENIED**.

3. As to the remaining defenses, Plaintiff's Motion to Strike is **GRANTED**. Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s  first, second, third, fifth, sixth, seventh, and eighth affirmative defenses are **STRICKEN WITHOUT PREJUDICE**.  Defendant Realtor Association of Greater Fort Lauderdale, Inc. may file an amended answer no later than October 19, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of October, 2009.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.