UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 09-60335-CIV/COHN/SELTZER

LIZZETTE DAWES-ORDONEZ
    Plaintiff,

v.

MARY FORMAN, KAREN FORMAN,
WHIDDON AND COMPANY INC., d/b/a
PRUDENTIAL FLORIDA 1ST REALTY, and
REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.
    Defendants.
_____/

MARY FORMAN, KAREN FORMAN,
WHIDDON AND COMPANY INC., d/b/a
PRUDENTIAL FLORIDA 1ST REALTY, and
REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.
    Third Party Plaintiffs,

v.

MEREDITH DICAROLIS, and REVIER
REAL ESTATE CORP., d/b/a RE/MAX
PARTNERS
    Third Party Defendants
_____/

## DEFENDANT REALTOR ® ASSOCIATION OF GREATER FORT LAUDERDALE INC.'S MOTION FOR SUMMARY FINAL JUDGMENT

Defendant REALTOR ® ASSOCIATION OF GREATER FORT LAUDERDALE INC. (RAGFL), pursuant to Fed. R. Civ. P. 56, by and through its undersigned counsel, files this its

1

Motion for Summary Final Judgment on the Second Amended Complaint filed by Plaintiff LIZZETTE DAWES ORDONEZ (DAWES), and states as follows:

1. Plaintiff DAWES filed a Complaint for infringement of copyright pursuant to Title 17, United States Code on February 27, 2009. An Amended Complaint was filed on April 6, 2009 naming for the first time Defendant RAGFL. However, this Amended Complaint failed to contain any allegations against RAGFL, and as a result, a Second Amended Complaint was filed on May 15, 2009, which included a copyright infringement count against Defendant RAGFL.

2. In the Second Amended Complaint, the Plaintiff generally alleges that Defendant RAGFL disseminated or participated in the dissemination of images to third parties, thereby infringing on Plaintiffs copyrights.

3. On June 4, 2009, Defendant RAGFL filed an answer denying the Plaintiff's allegations of copyright infringement, and set forth, inter alia, the affirmative defenses of equitable estoppel, waiver, and implied license.

4. Based on the evidence adduced to date, including the deposition of Plaintiff and of Third Party Defendant DICAROLIS, there is no genuine issue of material fact and Defendant RAGFL is entitled to summary final judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

5. Plaintiff DAWES is a professional photographer conducting business in Florida. (Second Amended Complaint P.3 [DE 32]). Prior to being employed as a photographer, Plaintiff was employed as an office manager with Third Party Defendant REVIER d/ba. REMAX PARTNERS. (Dawes deposition at 135 to 137).

6. Defendant RAGFL is a non-profit association that is chartered by and a member of the National Association of Realtors. As part of the services provided to its members, RAGFL maintains a Multiple Listing Service (MLS), which permits member realtors to upload photos and other data onto the listing service to assist its members in the marketing the sale of real property. Only members of the RAGFL are permitted to use the MLS.

7. Third Party Defendant REVIER d/b/a RE/MAX PARTNERS (REVIER) is a real estate brokerage firm in Broward County, Florida. (Third Party Complaint P. 3 [DE 51]).

8. Third Party Defendant MEREDITH DICAROLIS (DICAROLIS), at all times material hereto) was a licensed sales associate for REVIER and a member of the RAGFL permitted to use the MLS. (Third Party Complaint P. 4 [DE 51]).

9. REVIER and DICAROLIS were the listing broker and agent, respectively, for residential property located at 18 Fort Royal Island, Fort Lauderdale, Florida 33308.

10. DICAROLIS entered into an agreement with Plaintiff for Plaintiff to take 13 photos of the above described property. The agreement permits DICAROLIS to place the photographs in all media types to promote the sale of the home. A copy of the agreement is attached hereto as Exhibit A.

11. Subsequently, DICAROLIS placed a listing for the property on the Multiple Listing Service (MLS) of RAGFL, which included the photographs at issue in this litigation. The subject photographs included in the MLS had no copyright designation on them. (Dawes deposition 161:1)

12. The property was sold, with Third Party Defendants as listing broker and agent. (Third Party Complaint P. 12 [DE 51]). Thereafter, the property was placed back on the market with

Defendants FORMAN and PRUDENTIAL FLORIDA representing the seller. The FORMANS and PRUDENTIAL FLORIDA, like all other members of the RAGFL who subscribe to the MLS, had access to the subject photos from the prior MLS listing by the THIRD PARTY DEFENDANTS. The FORMANS and PRUDENTIAL FLORIDA used the subject photos in connection with their listing of the real property. (Third Party Complaint P. 13, 14. [DE 51]).

13. On May 21, 2008, the FORMANS and PRUDENTIAL FLORIDA received notice from Plaintiff that stating that the photos used in their relisting of the Property were copyrighted and they did not have permission or a license to use the photos, and demanding that they take those pictures down. (Dawes deposition 115:1) In Response, the FORMANS and PRUDENTIAL FLORIDA removed the photos from their listing of the property the next day. No similar notice was sent to RAGFL. (Dawes deposition 119:17-22).

14. Notwithstanding the removal of the photos, Plaintiff filed her Complaint alleging copyright infringement.

## STANDARD OF REVIEW

15. Fed. R. Civ. P. 56(c) requires that Summary Judgment be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions, affidavits and other material as would be admissible in evidence on file show that there is no genuine issue as to material fact and that the moving party is entitled to summary judgment as a matter of law.

16. In making its determination, the this Court is to review the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and determine whether there are any questions of law or genuine issues of material fact. If there are none, the

moving party is entitled to judgment as a matter of law. *See Home Design Servs. v. Hibiscus Homes of Fla., Inc.*, 2005 U.S. Dist. LEXIS 32788 (U.S.D.C. M.D. Fla. 2005)

## ARGUMENT

### There Was No Infringement, or, Alternatively, RAGFL was Granted an Implied License

### A. No Infringement

17. In its Second Amended Complaint, DAWES alleges that RAGFL violated her copyrights by disseminating the images to third parties. However, it is clear from the Agreement between DAWES and DICAROLIS, and from the deposition testimony that it was the intent of DAWES and DICAROLIS that these photographs be uploaded and displayed via the MLS. It is also clear that by their actions, DAWES and DICAROLIS created and granted RAGFL an implied license to use and display the subject photographs.

18. The Agreement attached hereto as Exhibit A states that DICAROLIS has the right to use the images in all media types, including websites to promote the sale of the home shown. At the time that she entered into the contract with DICAROLIS, DAWES knew, assumed, and expected that DICAROLIS would place these photographs on the MLS. (Dawes deposition at 176:8-14, 186:18-22)[1]. DAWES did not object DICAROLIS putting the photographs into the MLS. (Dawes deposition 74:11-13). DAWES fully understood the purpose of the photographs was to promote the sale of the property, and that they would be placed on the MLS for that purpose. (Dawes deposition at 48-49).

19. Additionally, DAWES assisted DICAROLIS in placing the photographs in the MLS by resizing and the photographs she took so that they could be uploaded on the MLS. (Dawes deposition 187:9-15)

---

[1] Composite Exhibit B contains portions of the deposition transcript of Dawes.

20.     DAWES, at her deposition, testified that she never requested that the photographs be removed from the MLS prior to filing suit (at 165:13-16); never informed RAGFL that she had registered the photographs (at 164:11-16); and never informed RAGFL that the use of the photographs was to be limited to one single use (at 183:20-24). Additionally, DAWES never provided RAGFL with a copy of her agreement with DICAROLIS. (Dawes deposition at 182:6-23).

21.     Similarly, DICAROLIS, at her deposition, testified that she never told RAGFL that she entered into an agreement with DAWES, that she was never asked by DAWES to notify RAGFL to remove the photographs, that DAWES never requested that DICAROLIS provide a copy of the agreement to RAGFL, that DAWES never asked DICAROLIS to notify RAGFL that DAWES maintained copyright ownership over the photos, or that the photos could only be used for a specific purpose. (DiCarolis deposition at 85-86)[2]. DICAROLIS further testified that DAWES never placed any restrictions on how the photographs could be used by the MLS. (DiCarolis deposition at 86:15-22). Additionally, DAWES testified that she never requested a copy of the MLS rules and regulations, even though she knew they were going to be placed in the MLS. (Dawes deposition at 176:22-25).

22.     More importantly, DICAROLIS, a Licensee of the rights to the photographs, uploaded photographs to the MLS knowing that in doing so she was providing MLS participants and subscribers the right to reproduce and display photos. On the webpage from which MLS participants upload photographs, a notice appears which states:

> "Notice: MLS users grant MLS participants & subscribers rights to reproduce & display photos. The MLS shall own the copyright to all photos submitted".

---

[2] Composite Exhibit C contains portions of the deposition transcript of DiCarolis.

23.     There was no infringement by RAGFL in permitting DICAROLIS to upload the photographs she received from DAWES . In her testimony, DAWES was unable to identify any people other than Defendants FORMAN to whom the picture was disseminated, (Dawes deposition at 173:6-19), and testified that there was no evidence that RAGFL altered any of her photos. It is also significant that DAWES could not identify why she was suing the RAGFL. When asked why the RAGFL was included as a Defendant in the case, DAWES testified that she did not know. (Dawes deposition 177:17-24). DAWES now complains about the very thing that she intended happen when she created the photographs: that they be placed in the MLS. A cause of action for infringement is not created due to DAWES ignorance of RAGFL's MLS rules.

### B. Implied License

24.     Further, through her actions, DAWES created an implied license granting RAGFL, through its member DICAROLIS, the right to display the photos.

25.     The existence of an exclusive or non-exclusive license is an affirmative defense to a claim of copyright infringement. An implied, non-exclusive license is granted when (1) a person (the licensee) requests the creation of a work; (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it; and (3) the licensor intends that the licensee-requestor copy and distribute its work[3]. *R. Miller Architecture, Inc. v. Edgington Enters.*, 2006 U.S. Dist. LEXIS 54635 (U.S.D.C. M.D. Fla. 2006). In the instant case it was RAGFL's member, DICAROLIS that requested the creation of the subject photographs; DAWES delivered the work to RAGFL's member DICAROLIS, and DAWES intended for RAGFL member DICAROLIS to display the work on RAGFL's MLS.

---

3 Several objective factors guide the judicial inquiry as to whether an implied license exists: a) the language of the copyright registration certificate; b) the letter agreement, if any; c) deposition testimony; and d) the delivery of the copyrighted material without warning that its further use would constitute copyright infringement. *Id.*

7

26. Moreover, a non-exclusive license in a copyrighted work may be granted orally or even implied from the conduct of the parties. In fact, consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing. *Id.* at 16-17. The evidence clearly establishes that an implied, non-exclusive license was created and granted to RAGFL, through its member, to display the photos in accordance with its MLS policies.

### The Plaintiff's Claim for Copyright Infringement is Barred by the Doctrine of Equitable Estoppel

27. Even if this Court determines that there is an infringement, the Plaintiff is equitably estopped from prevailing on her copyright infringement claim against RAGFL.

28. Copyright estoppel applies when the alleged infringer can show that (1) the copyright owner knew the facts of the infringement, (2) the copyright owner intended its conduct to be acted upon or the copyright owner acted such that the alleged infringer has a right to believe it was so intended, (3) the alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the copyright owner's conduct to his detriment. *HGI Assocs. v. Wetmore Printing Co.*, 427 F.3d 867, 875 (11th Cir. Fla. 2005)

29. Generally the doctrine is applied in copyright cases when the copyright owner is aware of the infringing conduct, yet the owner acts in such as way as to induce the infringer to reasonably rely upon such actions, causing the infringer to suffer a legal detriment. *Home Design Servs. v. Hibiscus Homes of Fla., Inc.*, 2005 U.S. Dist. LEXIS 32788 (U.S.D.C. M.D. Fla. 2005).

30. As set forth in the deposition testimony cited above, all of the requirements for the application of the doctrine of collateral estoppel have been met. With regard to the first requirement,

DAWES' testimony evidences that she knew that the photographs would be placed in the MLS (Dawes deposition 176:8-14), and that the photographs would be displayed via the MLS. (Dawes deposition 200:1-4).

31.   As to the second requirement, DAWES intended that the photographs be placed in the MLS. By failing to inform RAGFL of her copyright in the photographs or the alleged limited purpose of placing the photos into the MLS, and by failing to request that her photographs be removed from the MLS, DAWES acted in a manner that made RAGFL believe that she had no objection to the inclusion and distribution of the photographs in the MLS. As stated by the Eleventh Circuit Court of Appeals "a copyright owner cannot only be estopped through its words and actions but also through its own silence and inaction". *HGI Assocs. v. Wetmore Printing Co.*, 427 F.3d 867, 875 (11th Cir. Fla. 2005). As cited above, DAWES testified that she never notified RAGFL that the photographs were copyrighted, and never advised RAGFL or DICAROLIS that they were to be displayed for a limit purpose.

32.   As to the third requirement for equitable estoppel, there is no evidence that RAGFL even knew that DAWES had created the subject photographs, or that she claimed a copyright interest in the subject photographs.

33.   Finally, RAGFL relied on DAWES' conduct to its detriment. RAGFL, as a service to its member DICAROLIS, permitted the subject photographs to be uploaded and placed on the MLS, and was never provided with any notification from DAWES or DICAROLIS of DAWES' alleged copyright. To its detriment, RAGFL is now defending these claims of infringement without ever knowing that there were photographs placed on its MLS that could subject it to these claims.

34.     The elements of the copyright equitable estoppel doctrine are met, and this Court should enter summary judgment in favor of Defendant RAGFL.

### The Plaintiff Waived Any Copyright Claim Against Defendant RAGFL

35.     Further, even if this Court finds that there is an infringement on DAWES' copyrights by RAGFL, the Plaintiff's claim is barred by the waiver doctrine as DAWES, through her actions, waived her copyrights.

36.     Waiver is available as an affirmative defense when a plaintiff acts in a manner that could reasonably be construed as an intent to abandon its rights under the Copyright Act which amounts to an affirmative election showing their intention to adopt the unauthorized arrangement. *See CBS Broad. Inc. v. Primetime 24 Joint Venture*, 48 F. Supp. 2d 1342 (S.D. Fla. 1998).

37.     Plaintiff DAWES, a former office manager for a real estate brokerage firm, testified that she intended for the photographs she took to be uploaded on the MLS so that the images could go through as many avenues as possible to promote the sale (Dawes deposition 200:19 – 201:3). She further testified that she never informed RAGFL that she had registered those photographs or that the pictures should be limited to just one listing (Dawes deposition 165:5-8 and 183:20-24). Even after DAWES learned that RAGFL would not allow photographs into the MLS that contained copyright notification, she nonetheless failed to provide RAGFL with notification of her copyright or demand that RAGFL cease and decist from displaying the photographs. (Dawes deposition 166:22 -167:8).

38.     These actions and inactions by DAWES amount to a clear, decisive, and unequivocal intent to waive her copyright infringement claims against RAGFL. *See CBS Broad. Inc* at 49.

### There Was No Contributory Infringement

39.  In its Second Amended Complaint Plaintiff DAWES alleges that Defendant RAGFL is liable as a contributory infringer. (Second Amended Complaint P. 15 [DE 33]).

40.  Contributory infringement originates in tort law and stems from the notion that one who directly contributes to another's infringement should be held accountable. To establish a prima facie case of contributory infringement, a plaintiff must establish: (1) a direct infringement, (2) that the defendants had knowledge of the direct infringement, and (3) that the defendants intentionally induced, encouraged or materially contributed to the direct infringement. *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F. Supp. 2d 794 (U.S.D.C. M.D. Fla. 2007)

41.  There is no evidence of a direct infringement or that RAGFL had knowledge of a direct infringement. Further, there is no evidence on which the Plaintiff could rely on to prove that RAGFL intentionally induced, encouraged or materially contributed to a direct infringement.

### CONCLUSION

42.  Based on the foregoing, RAGFL respectfully requests that this Court enter Summary Final Judgment in its favor and against the Plaintiff LIZZETTE DAWES ORDONEZ on her claim of copyright infringement or enter any further order this Court deems proper and just.

I HEREBY CERTIFY that a true copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel in the attached service list on March 19, 2010.

## SERVICE LIST

John B. Ostrow, Esq.
Attorney for Plaintiff Lizzette Dawes-Ordonez
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Fl 33130

Jonathan E. Kanov, Esq.
Attorney for Defendants Forman
Attorney for Defendant Whiddon
1 East Broward Blvd., Suite 500
Fort Lauderdale, Fl 33301

Mark J. Dearman, Esq.
Attorney for Third Party Defendant DiCarolis
8551 West Sunrise Blvd.
Suite 300
Plantation, Fl 33322

Geralyn M. Passaro, Esq.
Attorney for Third Party Defendant Revier
600 Corporate Drive
Suite 600
Fort Lauderdale, Fl 33334