UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-60335-CIV-COHN/SELTZER

LIZZETTE DAWES-ORDONEZ,

        Plaintiff,

vs.

REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.,

        Defendant.
_____/

REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.,

        Third-Party Plaintiff,

vs.

MEREDITH DICAROLIS, and REVIER
REAL ESTATE CORP. d/b/a RE/MAX
PARTNERS

        Third-Party Defendants.
_____/

## ORDER GRANTING RAGFL'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF LIZZETTE DAWES-ORDONEZ AND STATUS REPORT ORDER

**THIS CAUSE** is before the Court on Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s ("RAGFL") Motion for Final Summary Judgment [DE 128] ("Motion for Summary Judgment"). The Court has carefully reviewed the Motion for Summary Judgment, the Plaintiff's response [DE 145], RAGFL's reply [DE 161], and is otherwise advised in the premises.[1]

---

[1] The Court notes at the outset that Plaintiff's two-page response cites no legal authority. Moreover, Plaintiff's response fails to comply with Local Rule 7.5. Local Rule 7.5(b) provides that the "papers opposing a motion for summary judgment shall include a memorandum of law, necessary affidavits, and a single concise statement of

I. BACKGROUND

At all material times, Third-Party Defendant Meredith DiCarolis ("DiCarolis") was a licensed real estate sales associate employed by Third-Party Defendant Revier d/b/a RE/MAX Partners ("Revier"). In September of 2006, DiCarolis hired Plaintiff, a professional photographer, to take thirteen photographs ("the Photographs") of a home located at 18 Ft. Royal Isle, Fort Lauderdale, Florida ("the Property"). Plaintiff provided DiCarolis with the right to use the Photographs in a variety of media types, including a multiple listing service ("MLS"), for the purpose of advertising and selling the home.[2]

---

the material facts as to which it is contended that there exists a genuine issue to be tried." Also, the statement of material facts submitted in opposition to a motion for summary judgment must correspond with the order and paragraph numbering scheme used by the movant. Id. 7.5(c). Any additional facts that the non-moving party contends are material are to be likewise numbered and placed below. Id. This rule "ensure[s] that statements of material facts filed by movants and opponents shall correspond with each other in numerical order so as to make review of summary judgment motions less burdensome to the Court." Local Rule 7.5 Comments (2008 Amendment).

If the non-moving party fails to controvert a movant's undisputed statement of facts, the facts alleged by the movant are deemed admitted to the extent they are supported by the record. Cf. Digioia v. H. Koch & Sons, 944 F.2d 809, 811 n. 6 (11th Cir. 1991) (upholding operation of former Local Rule 10.J.2, the predecessor to 7.5(d)); Calmaquip Eng'g W. Hemisphere Corp. v. W. Coast Carriers, Ltd., 650 F.2d 633, 636 (5th Cir. Unit B 1981) (same); see also Bettis v. Toys "R" Us, No. 06-80334-CIV, 2009 WL 995476, at *2-3 (S.D. Fla. Apr. 13, 2009) (granting defendant's motion for summary judgment after deeming defendant's uncontroverted statement of material facts admitted).

Here, Plaintiff did not attempt to comply with the Local Rule. Indeed, Plaintiff submitted *no* statement of material facts, nor a memorandum of law, let alone a statement of material facts that "corresponds with the order and paragraph numbering scheme used by the movant." S.D. Fla. L.R. 7.5(c). Similarly, Plaintiff's response contains no citations to the record. Notwithstanding, because the Court finds RAGFL entitled to summary judgment on the merits, the Court need not apply the Local Rule.

[2] The Agreement states, in relevant part, as follows:

Photographer grants the following USE Rights to [DiCarolis]: Non-

Thereafter, DiCarolis published the Photographs on RAGFL's MLS.  Plaintiff knew that DiCarolis would place the Photographs on the MLS.[3]  DE 128-2 at 12-13.  Furthermore, the Photographs had no copyright designation on them.

Eventually, DiCarolis sold the Property.  Some time later, the Property was placed back on the market.  When the Property was placed back on the market, Defendants Mary Forman and Karen Forman ("the Formans"), employed by Defendant Prudential Florida, represented the seller.  The Formans and Prudential Florida, like all other members of RAGFL who subscribe to the MLS, had access to the Photographs from DiCarolis' prior MLS listing.  The Formans and Prudential Florida used the Photographs in connection with their subsequent listing of the Property.

On May 21, 2008, the Formans and Prudential Florida received notice from

---

<u>Exclusive, non transferable Right to Use Image(s) with no time limit nor geographic area limit, in all media types, for Paid Advertisements, Advertorials, Marketing items such as brochures, web site, direct mailings, proposals, portfolio, PowerPoint presentations, Public Relations items and Press Release articles all of which must depict & promote the sale of the home shown and/or the Licensee named on this contract ONLY</u>.  Photographer reserves all other rights including Editorial Use.  Licensee's Broker may NOT use these images to promote or advertise their Real Estate brokerage firm or any other goods & services.  Licensee agrees to refer all third parties requesting USE of said images, directly to the Photographer.  Licensee may freely distribute printed materials but may not sell nor distribute images to third parties for their use or any other reason.  "Third-Party Use" rights are not granted.  Prohibited distributions include but are not limited to parties participating in joint ads with Licensee.  Additional use must be agreed in writing & compensation paid to the Photographer as invoiced by the Photographer.

DE 128-1 at 2.

[3]     The MLS informs its participants that "MLS users grant MLS participants & subscribers rights to reproduce & display photos.  The MLS shall own the copyright to all photos submitted."

Plaintiff stating that the Photographs were copyrighted and they did not have permission or a license to use the Photographs.  The Formans and Prudential Florida removed the Photographs the next day.  No such notice was sent to RAGFL.  Id. at 11.  Notwithstanding the removal of the Photographs, Plaintiff filed a complaint asserting copyright infringement claims against the Formans, Prudential Florida, and RAGFL.[4]

On March 19, 2010, RAGFL filed its Motion for Summary Judgment.  In its Motion for Summary Judgment, RAGFL argues that RAGFL did not infringe Plaintiff's copyrights.  Alternatively, RAGFL argues that Plaintiff granted RAGFL an implied license, that the doctrine of equitable estoppel bars Plaintiff's claim, that Plaintiff waived her claim against RAGFL, and that RAGFL did not contribute to any direct infringement.

## II. DISCUSSION

### A. Legal Standard

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.

---

[4] On April 13, 2010, Plaintiff filed a Notice of Voluntary Dismissal as to the Formans and Prudential Florida.  See DE 140.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Implied License

RAGFL maintains that Plaintiff, "through her actions . . . created an implied license granting RAGFL, through its member DiCarolis, the right to display [the Photographs]." Motion for Summary Judgment at 7.  "An implied license is created when one party (1) creates a work at another person's request; (2) delivers the work to that person; and (3) intends that the person copy and distribute the work." Latimer v. Roaring Toyz, Inc., – F.3d –, No. 08-16665, 2010 WL 1253090, at *9 (11th Cir. Apr. 2, 2010) (citing Jacob Maxwell, Inc. v. Veeck, 110 F.3d 749, 752 (11th Cir. 1997)).  An implied license is an affirmative defense to a claim of copyright infringement.  Id.

Accordingly, an alleged infringer has the burden to establish an implied license.  Id. Also, an implied license may be limited, so a defendant who exceeds the scope of an implied license commits copyright infringement.  Id.  To determine whether an implied license exists, the Court focuses on objective evidence that reveals the intent of the parties.  Id. (citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 956 (11th Cir. 2009); Gracen v. Bradford Exchange, 698 F.2d 300, 303 (7th Cir. 1983)).

Here, as explained above, Plaintiff granted DiCarolis a non-exclusive license to use the Photographs in all media types to promote the sale of the Property.  Because Plaintiff alleges that RAGFL infringed on Plaintiff's original work, RAGFL has the burden of establishing that Plaintiff granted RAGFL an implied license.  See id.

Evidence reveals that Plaintiff granted RAGFL an implied license.  Plaintiff's conduct satisfied all three prongs of the implied license test.  First, DiCarolis contracted Plaintiff to photograph the Property.  Second, Plaintiff produced the Photographs and delivered them to DiCarolis.  Third, Plaintiff knew that DiCarolis would distribute the Photographs to promote the sale of the Property.  Moreover, Plaintiff knew that DiCarolis would put the Photographs on RAGFL's MLS.

Thus, when Plaintiff delivered the Photographs to DiCarolis, she constructively delivered the work to RAGFL.  See id.  Plaintiff knew that the Photographs would be displayed on the MLS and seen by other real estate agents.  It is reasonable to infer that Plaintiff intended that the Photographs be distributed by DiCarolis and RAGFL. See id.  Stated differently, RAGFL's use of Plaintiff's Photographs fell within the scope of what Plaintiff intended when she granted the implied license.  See id.  Therefore, at a minimum, Plaintiff granted RAGFL an implied license to copy and distribute her original

work.  See id.  Because Plaintiff granted RAGFL an implied license to copy and distribute her original work, and RAGFL did not exceed the scope of that license, Plaintiff cannot prevail on its claim of direct copyright infringement against RAGFL.

### C. Contributory & Vicarious Infringement

Plaintiff alleges in her Second Amended Complaint that RAGFL "was directly, vicariously, and contributory liable for copyright infringement pursuant to copyright law." DE 33-1 ¶ 16.  As discussed above, Plaintiff has failed to point to evidence that RAGFL directly infringed on Plaintiff's copyrights.  Thus, Plaintiff can survive RAGFL's Motion for Summary Judgment only if she shows that RAGFL is liable for vicarious or contributory infringement.  Indeed, "[e]ven though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law."  BUC Int'l Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) (citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005)).

Contributory copyright infringement is "the intentional inducement, causation or material contribution to another's infringing conduct."  Id. (citing Greenberg v. Nat'l Geographic Soc., 244 F.3d 1267, 1271 n.6 (11th Cir. 2001)).  Thus, "[a] contributory copyright infringer is 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'"  Greenberg, 244 F.3d at 1271 n.6 (quoting Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 845 (11th Cir. 1990) (internal quotations omitted)).  Consequently, contributory copyright infringement occurs only if the alleged contributory infringer knew or had reason to know of another party's direct infringement.  Cable/Home Comm. Corp., 902 F.2d at

845.  Here, Plaintiff has adduced no evidence that RAGFL knew about any alleged infringement.  To the contrary, the evidence shows that as soon as RAGFL was made aware that the Photographs on RAGFL's MLS were copyrighted and should not be on RAGFL's website, RAGFL removed the Photographs.  RAGFL, therefore, cannot be found liable for contributory copyright infringement.

"Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'"  BUC Int'l, 489 F.3d 1129, 1138 n.19 (quoting Grokster, 545 U.S. at 931 n.9).  Here, Plaintiff points to no evidence that RAGFL profited directly from the alleged infringement.  Plaintiff, therefore, cannot survive RAGFL's Motion for Summary Judgment.

### D. Third-Party Complaint

RAGFL filed a third-party complaint against DiCarolis and Revier alleging counts for common law indemnification, contribution, negligence, and negligent misrepresentation.  Thereafter, DiCarolis and Revier moved to sever the third-party action.  In RAGFL's Response to Third Party Defendants' Motion to Sever the Third Party Claim and for Continuance [DE 43] ("Response to Motion to Sever"), RAGFL stated that "even if this Court were to find that RAGFL is not liable to Plaintiff on the underlying claim between the Plaintiff and RAGFL, RAGFL has a right to pursue its claims against the Third Party Defendant's [sic] and to do it in a judicially economic manner in this case."  Response to Motion to Sever at 3.  Thus, it is unclear whether RAGFL intends to proceed against the Third-Party Defendants on the negligence and negligent misrepresentation claims.

## III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Realtor Association of Greater Fort Lauderdale, Inc.'s ("RAGFL") Motion for Final Summary Judgment [DE 128] is **GRANTED**.

2. Defendant Realtor Association of Greater Fort Lauderdale shall file a **STATUS REPORT** no later than May 6, 2010 indicating whether it intends to pursue its claims against Third-Party Defendants. In the alternative, RAGFL may file a stipulation of dismissal against the Third-Party Defendants by May 6, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of May, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.